UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DYNATEC INTERNATIONAL INC., SOFTALK, INC., and ARNCO MARKETING, INC.,

                                        Plaintiffs,

            vs.

ALAN LEIFER, RICHARD LEIFER, ARISTA COMMUNICATION PRODUCTS INC., and ARTISTIC PRODUCTS LLC,

                                        Defendants,

            and

SOFTALK COMMUNICATIONS LLC,

                                        Nominal Defendant

Civil Action No.:

COMPLAINT

The Plaintiffs, Dynatec International Inc. ("Dynatec"), Softalk, Inc., and Arnco Marketing, Inc. ("Arnco"), on their own behalves and as a derivative complaint on behalf of Nominal Defendant Softalk Communications LLC ("SCL"), as and for their Complaint against the Defendants Alan Leifer, Richard Leifer, Arista Communication Products Inc. ("ACPI") and Artistic Products LLC ("Artistic"), allege as follows:

1.      This is a Complaint for trademark infringement, fraud, breach of fiduciary duty, inducement of breach of contract, breach of contract, wrongful interference with business relations, unfair competition, and conversion.

THE PARTIES

2.     The Plaintiff Dynatec is a Utah corporation with its offices and  principal place of business located in the State of Utah.

3.     The Plaintiff Softalk, Inc. is a Utah corporation with its offices and  principal place of business located in the State of Utah.  It is a wholly owned subsidiary of Dynatec.

4.     The Plaintiff Arnco is a Utah corporation with its offices and  principal place of business located in the State of Utah.  It is a wholly owned subsidiary of Dynatec.

5.     The Defendant Alan Leifer is a resident of the State of New York.

6.     The Defendant Richard Leifer is a resident of the State of New York.  He is Alan Leifer's son.

7.     The Defendant ACPI is a New York corporation with its offices and principal place of business located at 125 Commerce Drive, Hauppauge, New York, 11788.  Upon information and belief, it is wholly owned and controlled by Alan and Richard Leifer.

8.     ACPI is one of more than a dozen companies owned and/or controlled by Alan and Richard Leifer, the names of more than half a dozen of which begin with "Arista."  The companies sell various products for use in business, including business office products.

9.     The Defendant Artistic is a New York limited liability company with its offices and principal place of business located at 125 Commerce Drive, Hauppauge, New York, 11788.  Upon information and belief, it is wholly owned and controlled by Alan and Richard Leifer.  Upon information and belief, it sells office products.

10.     The Nominal Defendant Softalk Communications LLC is a limited liability company organized and existing under the laws of the State of New York, having been formed as

2

such in 2003. Its offices and principal place of business were maintained at 125 Commerce Drive, Hauppauge, New York, 11788, the same address as that for ACPI and Artistic.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this case pursuant to 28 USC 1331 in that the case arises in part under the laws of the United States, to wit, 15 U.S.C. 1117 and 1125 (trademark infringement). The Court has supplemental jurisdiction over the other claims in the complaint pursuant to 28 U.S.C. 1367(a).

12.    Venue in this District is proper under 28 USC §1391(b)(1) in that the Defendants all reside in this State and District.

## FACTS UNDERLYING ALL CLAIMS

13.    Prior to 2003 Dynatec and Softalk, Inc. were in the business of selling business office products, including some that were the subject of U.S. patents.

14.    Among the products thus sold were business office products bearing the trademark "Softalk." Softalk, Inc. was and is the owner of a federal trademark registration, number 2262765, for the trademark "Softalk."

15.    In 2001 the Plaintiffs filed for protection under Chapter 11 of the U.S. Bankrupcty Code.

16.    As a consequence, and pursuant to a Plan of Reorganization filed in the case, in 2003 a company was formed named Softalk Communications LLC (the Nominal Defendant in this case), which thereafter sold the products that had been sold by Dynatec and Softalk, Inc. This included the products sold under the trademark "Softalk" pursuant to a license from Softalk, Inc.

17.     The members and owners of Softalk Communications LLC were ACPI (which owned 60% of the company), Dynatec (which owned 9%), Softalk, Inc. (which owned 30%) and Arnco (which owned 1%).

18.     The operations of Softalk Communications LLC were governed by an operating agreement entered into by the Plaintiffs and by the Defendant ACPI.  According to this operating agreement, the ordinary and usual decisions concerning the business affairs of the Company "shall be made by the Management Committee, which shall consist of five individuals, two of whom shall be appointed by Dynatec and three of whom  shall be appointed by ACPI...  The initial members of the Management Committee are Alan Leifer, Richard Leifer and Robert Leifer (designated by ACPI), and Frederick W. Volcansek Sr. and Reed Newbold (designated by Dynatec)."

19.     In fact, the Defendants Alan and Richard went on to act as members of the Management Committee at all relevant time.   Robert Leifer too served as a member of the Management Committee until his recent death.

20.     The operating agreement went on to provide, and the members agreed, that "Notwithstanding the foregoing, the following actions of the Management Committee will require an eighty percent (80%) vote of the members of the Management Committee [i.e., at least one of the Dynatec designees must agree]:

**********

"(BB) amend or change the Company's Articles of Organization, dissolve  or liquidate the Company, create any subsidiary or parent of the Company, merge or consolidate the Company with or into any other Person [defined in the agreement to include "any incorporated or unincorporated organization permitted to be a member of a limited liability company under the laws of New York State."] or become an affiliate of

4

any other Person or group of Persons, or enter into any business combination with any other Person;

"(CC) sell, lease, transfer or otherwise dispose of all or substantially all of the Company's assets..."

21.     From its inception and continuing to date Softalk Communications LLC has been effectively managed by the ACPI designees, Alan, Richard and Robert Leifer (the latter is now deceased). The company entered into a management agreement with ACPI, which functioned under the direction and control of Alan and Richard Leifer.

22.     From its creation to date, Softalk Communications LLC has never distributed any profits to the Plaintiffs, members of the LLC. From 2010 to date, Frederick Volcansek, then CEO and owner of Dynatec and a member of the Management Committee, repeatedly asked Alan and Richard Leifer about why no profits were being distributed to the Plaintiffs. In each instance they told him that the company was not doing well and that there were no profits to be distributed.

23.     In each instance these statements were false when made, and the Leifers knew they were false. In fact, upon information and belief, the company was making a regular profit and money was available to be distributed. However, upon information and belief, the money was being distributed to ACPI and to the Leifers and their other companies.

24.     Volcansek also asked repeatedly over the same period of time to see and to review the books and records of Softalk Communications LLC. In each instance Defendants Alan and Richard Leifer told him that the books were not available, that they were being worked on by the company's accountants. These statements too were false when made, and the Leifer Defendants knew they were false. In fact, the books and records were available and were being reviewed by the Leifers.

25.     Upon information and belief, in making the false statements alleged above the Leifers and ACPI intended to keep from the Plaintiffs the true facts surrounding the ongoing success of Softalk Communications LLC, and the fact that these Defendants were in fact funneling the profits from the company to themselves and to their other companies.  As a consequence the Plaintiffs, through Frederick Volcansek, did not press further to ascertain that Softalk Communications LLC was in fact making profits, and that these profits were being funneled to the Defendants rather than to the Plaintiffs.

26.     Upon information and belief, in or about 2014, acting as a result of the inducement of Alan and Richard Leifer, ACPI purported to merge Softalk Communications LLC into the Defendant Artistic.  This was done without the knowledge or consent of Plaintiffs or of Dynatec's designees on the Management Committee, and thus without the requisite 80% vote of the members of Softalk Communications LLC's Management Committee as called for in the company's operating agreement.

27.     Upon information and belief, in this merger of Softalk Communications LLC into the Defendant Artistic, all the assets of Softalk Communications LLC were purportedly transferred to and taken control of by Artistic.  Since that time, all sales of what were previously goods of Softalk Communications LLC have been for the benefit of Artistic.  None have been disclosed to the Dynatec designees on the Management Committee of Softalk Communications LLC, and none of the profits from those sales have been distributed to the Plaintiffs.

28.     Among the products that have been, and are being, sold by Artistic are office products bearing the trademark "Softalk."  This has been done, and is being done, without a license from Softalk, Inc. to do so.

29.     These sales of the products bearing the trademark Softalk have resulted, and will

continue to result, in a likelihood of confusion among, and a deceit of the purchasing public as to the true source of these products.

30.    The foregoing was done by the Defendants to effectively destroy and eliminate SCL so that it would not compete with their businesses owned solely by them, and thereby damage the Plaintiffs and SCL.

31.    The high quality of these goods that had previously been the goods of SCL has benefited Artistic's reputation and standing in the marketplace, while SCL has effectively gone out of business and has lost all standing in the marketplace.

### FIRST CAUSE OF ACTION - FOR FRAUD
(against Alan and Richard Leifer)

32.    Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

33.    The foregoing constitutes fraud on the part of Alan and Richard Leifer.

34.    This fraud was done knowingly, with the intent to harm the Plaintiffs, and otherwise with malice as defined in the law of the State of New York.

35.    The Plaintiffs have been damaged as a result of this fraud in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

### SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
(against Alan and Richard Leifer and ACPI)

36.    Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

37.    The foregoing constitutes breach of fiduciary duty on the part of Alan and Richard Leifer in their roles as members of the management committee of Softalk Communications LLC, and on the part of ACPI in its role under the management contract it had

with Softalk Communications LLC.

38.     This breach of fiduciary duty was done knowingly, with the intent to harm the Plaintiffs, and otherwise with malice as defined in the law of the State of New York.

39.     The Plaintiffs have been damaged as a result of this breach of fiduciary duty in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT
### (against ACPI)

40.     Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

41.     The foregoing constitutes a breach of Softalk Communications LLC's operating agreement on the part of ACPI.

42.     The Plaintiffs have been damaged as a result of this breach of fiduciary duty in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

## FOURTH CAUSE OF ACTION
## INDUCEMENT OF BREACH OF CONTRACT
### (against Alan and Richard Leifer)

43.     Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

44.     Defendants Alan and Richard Leifer induced Defendant ACPI to commit the aforesaid breach of contract.

45.     The aforesaid inducement of breach of contract was done with the intent to benefit themselves and at the same time with the intent to harm the Plaintiffs, and otherwise with malice as defined in the law of the State of New York.

46.     The Plaintiffs have been damaged as a result of this inducement of breach of

contract in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

## FIFTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
### (against Artistic)

47.     Plaintiffs repeat and realllege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

48.     The foregoing constitutes trademark infringement on the part of Defendant Artistic.

49.     By reason of the foregoing, Defendant Artistic has profited and the Plaintiffs have been damaged in an amount to be determined at trial, but no less than $30,000,000.00.

## SIXTH CAUSE OF ACTION
## WRONGFUL INTERFERENCE WITH BUSINESS RELATIONS
### (against all the Defendants)

50.     Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

51.     By reason of the foregoing, the Defendants have wrongfully interfered with the Plaintiffs' and with the Nominal Defendant's existing and potential business relations.

52.     This wrongful interference with business relations was done knowingly, with the intent to harm the Plaintiffs and the Nominal Defendant, and otherwise with malice as defined in the law of the State of New York.

53.     By reason of the foregoing, the Plaintiffs and the Nominal Defendant have been damaged in an amount to be determined at trial, but no less than $30,000,000.00.

## SEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION
### (against all the Defendants)

54.     Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

55.     The foregoing constitutes unfair competition on the part of the Defendants.

56.     This unfair competition was done knowingly, with the intent to harm the Plaintiffs, and otherwise with malice as defined in the law of the State of New York.

57.     The Plaintiffs have been damaged as a result of this unfair competition in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

### EIGHTH CAUSE OF ACTION
### CONVERSION
(against all the Defendants)

58.     Plaintiffs repeat and reallege each and every of the allegations set forth in the preceding paragraphs as if fully set forth herein.

59.     The foregoing constitutes conversion on the part of the Defendants.

60.     This conversion was done knowingly, with the intent to harm the Plaintiffs, and otherwise with malice as defined in the law of the State of New York.

61.     The Plaintiffs have been damaged as a result of this conversion in an amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00).

WHEREFORE, The Plaintiffs, Dynatec International Inc., Softalk, Inc., and Arnco Marketing, Inc. hereby demand judgment against the Defendants, Alan Leifer, Richard Leifer, Arista Communication Products Inc. and Artistic Products LLC as follows:

(a)     on the First Cause of Action, Judgment against the Defendants Alan Leifer and Richard Leifer, jointly and severally, for damages in the amount to be determined at trial, but no

less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

     (b)     on the Second Cause of Action, Judgment against the Defendants Alan Leifer, Richard Leifer and ACPI, jointly and severally, for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

     (c)     on the Third Cause of Action, Judgment against the Defendant ACPI for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00);

     (d)     on the Fourth Cause of Action, Judgment against the Defendants Alan and Richard Leifer, jointly and severally, for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

     (e)     on the Fifth Cause of Action, Judgment against the Defendant Artistic for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00); together with an award of its profits, to be trebled; and an injunction against the Defendants generally of any and all unauthorized use of the trademark "Softalk";

     (f)     on the Sixth Cause of Action, Judgment against all the Defendants for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

     (g)     on the Seventh Cause of Action, Judgment against all the Defendants for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

(h)     on the Eighth Cause of Action, Judgment against all the Defendants for damages in the amount to be determined at trial, but no less than thirty million dollars ($30,000,000.00), together with punitive damages in the amount of thirty million dollars ($30,000,000.00);

(i)     on all the Causes of Action, an accounting with respect to the books and records of Softalk Communications LLC and with respect to the books and records of Artistic; and,

(j)     on all the Causes of Action, an award against the Defendants and in favor of the Plaintiffs for their attorneys' fees and the costs of the action.

<u>JURY DEMAND</u>

Plaintiffs demand a trial by jury of all issues herein.

Dated:  May 18, 2016

Michael J. Calvey (MC3446)
Michael J. Calvey LLC
Attorney for Plaintiffs
45 Rockefeller Plaza, Ste. 2000
New York, NY 10111
Tel.: 212-537-0463